

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00304-CR

DWAYNE HOLMES                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## OPINION

----------

### I. INTRODUCTION

Appellant Dwayne Holmes appeals his conviction for unauthorized use of a motor vehicle.  In his sole point, Holmes argues that the trial court violated his due process and due course of law rights by enhancing his sentence from a state jail felony to a third degree felony by way of two non-sequential prior state jail felony convictions.  We will affirm.

## II. BACKGROUND

Police arrested Holmes after he was discovered operating a vehicle being used as a "bait car" by members of an auto theft task force. Holmes was charged with theft of an automobile and with unauthorized use of a motor vehicle. The State's indictment also contained an enhancement notice based on two prior theft convictions.

At trial, the jury was unable to reach a verdict on Holmes's theft charge but unanimously convicted him of unauthorized use of a motor vehicle. During the punishment phase, Holmes pleaded true to the enhancement allegations and made no objections. His conviction was enhanced from a state jail felony to a third degree felony, and the jury sentenced him to six years' confinement.

## III. PRESERVATION OF ERROR

In his sole point, Holmes argues that the trial court erred by allowing his sentence to be enhanced under former penal code section 12.42(a)(1), which enhanced a state jail felony to a third degree felony if the defendant had "previously been finally convicted of two state jail felonies."[1] *See* Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 1, 1995 Tex. Gen. Laws 2734, 2735 (recodified 2011) (current version at Tex. Penal Code Ann. § 12.425(a) (West Supp. 2012)). Holmes supports this contention by pointing out that the two prior theft

---

[1]Former section 12.42(a)(1) applies to this case because it was in effect on the date of the offense. *See Morris v. State*, No. 11-10-00249-CR, 2012 WL 424923, at *4 n.3 (Tex. App.—Eastland Feb. 9, 2012, pet. ref'd) (mem. op., not designated for publication).

convictions used to enhance his conviction to a third degree felony were entered on the same day, and therefore one was not subsequent to the other. Although Holmes admits that the enhancement statute does not contain a requirement that one of the prior convictions be subsequent to the other, he argues that the lack of such a requirement allows the State to prosecute him for a third degree felony based on "extremely minor crimes" without the added protection of the convictions being sequential, thereby violating his right to due process under the federal constitution and due course of law under the state constitution.

We must first determine whether Holmes preserved his complaint for appellate review. *See* Tex. R. App. P. 33.1(a)(1). The court of criminal appeals has held that allegations of due process violations are subject to the requirement of preservation by an objection or motion filed with the trial court. *See Anderson v. State*, 301 S.W.3d 276, 279–80 (Tex. Crim. App. 2009). Likewise, a challenge to the constitutionality of a statute is a forfeitable right and must be preserved in the trial court during or after trial. *See Ibenyenwa v. State*, 367 S.W.3d 420, 422 (Tex. App.—Fort Worth 2012, pet. ref'd) (op. on reh'g). Here, Holmes lodged no objection to the court's charge or sentence during the punishment phase of the trial, nor did he raise this argument in a motion for new trial. Thus, he asserts his due process challenge to the enhancement statute for the first time on appeal.

Holmes cites *Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006), in support of his argument that he may raise this issue on appeal despite not having objected at trial. But *Rich* dealt with an appellant's ability to claim for the first

3

time on a writ of habeas corpus that his sentence was illegal based on an improper enhancement. 194 S.W.3d at 510. By contrast, this case does not concern a writ of habeas corpus, and Holmes has not argued that his sentence was illegal; Holmes is challenging the constitutionality of a statute on direct appeal. Thus, *Rich* is inapposite.

We hold that Holmes forfeited this argument for appellate review. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding that a defendant may not raise a facial challenge to the constitutionality of a statute for the first time on appeal); *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (holding that the constitutionality of a statute as applied to the defendant must be raised in trial court to preserve error); *see also Lacy v. State*, Nos. 07-10-00408-CR, 07-10-00409-CR, 07-10-00410-CR, 2011 WL 3240817, at *1 (Tex. App.—Amarillo July 29, 2011, pet. ref'd) (mem. op., not designated for publication) (holding due process challenge to punishment enhancement was not preserved for appellate review because appellant lodged no objections during sentencing). Accordingly, we overrule Holmes's sole point.

## IV. Conclusion

Having overruled Holmes's sole point, we affirm the trial court's judgment.


                                                        BILL MEIER
                                                        JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DAUPHINOT, J., filed a concurring opinion.

PUBLISH

DELIVERED:  August 30, 2012



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00304-CR

---

DWAYNE HOLMES                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## CONCURRING OPINION

----------

I believe that Appellant's complaint, raised for the first time on appeal, is an as-applied challenge to former section 12.42(a)(1) of the penal code. I therefore agree that he forfeited his complaint by failing to raise it in the trial court and would affirm the trial court's judgment. But I cannot join the majority's journey beyond this holding. For the reasons eloquently expressed by Judge Cochran in

her concurring opinion in *Karenev*,[1] which I have adopted in a prior concurring and dissenting opinion,[2] I therefore respectfully concur.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: August 30, 2012

---

[1]*Karenev v. State*, 281 S.W.3d 428, 436–40 (Tex. Crim. App. 2009) (Cochran, J., concurring).

[2]*See Ibenyenwa v. State*, 367 S.W.3d 420, 426–29 (Tex. App.—Fort Worth 2012, pet. ref'd) (op. on reh'g) (Dauphinot, J., concurring and dissenting).

2