

# NUMBERS 13-14-00018-CR & 13-14-00019-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOHN DAVID RUSSELL,                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                    **Appellee.**

### On appeal from the 25th District Court
### of Gonzales County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Perkes

Appellant John David Russell pleaded guilty in appellate cause numbers 13-14-00018-CR and 13-14-00019-CR to separate counts of burglary of a habitation, enhanced to first degree felonies.[1]   *See* TEX. PENAL CODE ANN. § 30.02 (West, Westlaw through Ch.

---

[1] Appellate Cause No. 13-14-00018-CR is the appeal from trial court cause no. 134-09-B. Appellate Cause No. 13-14-00019-CR is the appeal from trial court cause no. 135-09-B.  Our analysis allows us to consider them in a consolidated opinion.

46 2015 R.S.). The trial court placed appellant on ten years' deferred-adjudication community supervision. The State subsequently moved to revoke appellant's community supervision and proceed with adjudication of guilt in both causes, alleging that appellant violated his community-supervision conditions. Following a hearing, the trial court revoked appellant's community supervision, adjudicated him guilty, and sentenced appellant to concurrent terms of fifteen years' imprisonment. By one issue, appellant argues that: (1) the trial court's failing to ask if there was any legal reason that sentence should not be imposed prior to the pronouncement of appellant's sentence violated his due process rights under the United States Constitution; and (2) Texas Code of Criminal Procedure article 42.07 is unconstitutional because it abridges a defendant's due process right to allocution.[2] *See* TEX. CODE OF CRIM. PROC. ANN. art. 42.07 (West, Westlaw through Ch. 46 2015 R.S.). We affirm.[3]

## I. PRESERVATION OF ERROR

### A. Applicable Law

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX.

---

[2] Allocution refers to the trial court affording a criminal defendant the opportunity to "speak in mitigation of the sentence to be imposed." *Eisen v. State*, 40 S.W.3d 628, 631–32 (Tex. App.—Waco 2001, pet. ref'd) (quoting A DICTIONARY OF MODERN LEGAL USAGE 45 (Bryan A. Garner ed., 2nd ed., Oxford 1995)). "Texas has long had a procedural rule implementing allocution." *Id.* at 632. The legislature has codified a form of allocution in article 42.07 of the Texas Code of Criminal Procedure which provides, in relevant part, that "Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. ANN. art. 42.07 (West, Westlaw through Ch. 46 2015 R.S.).

[3] We note appellant mentions throughout his brief that his arguments are "foreclosed under current law but raise[d] … in an adversarial fashion for purposes of preserving error for possible further review."

R. APP. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Even constitutional rights may be forfeited through a defendant's failure to raise them in the trial court. *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004) ("Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only, . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with [r]ule 33.1(a).").

An objection to a denial of allocution is required to preserve a complaint on appeal. *See Tenon v. State*, 563 S.W.2d 622, 623–24 (Tex. Crim. App. 1978) (overruling issue raising violation of article 42.07 where "[t]here were no objections to the court's failure to inquire of the appellant if she had anything to say why the sentence should not be pronounced against her"); *Eisen v. State*, 40 S.W.3d 628, 637 (Tex. App.—Waco 2001, pet. ref'd) (holding "court's failure to follow article 42.07 was not preserved for our review" where "issue [was raised] for the first time on appeal"); *see also Sanchez v. State*, Nos. 13-13-00244-CR, 13-13-00245-CR, 2014 WL 495268, at *1 (Tex. App.—Corpus Christi Feb. 6, 2014, no pet.) (mem. op., not designated for publication).

## B. Analysis

At the underlying revocation hearing, the trial court asked "Anything further before I sentence him?" Appellant's attorney responded "No, Your Honor." Appellant, who previously testified at the hearing and requested the trial court to give him a "second chance," raised no objection and did not request an opportunity to further address the trial court in mitigation of his sentence.

By failing to raise his due process argument concerning the right of allocution in the trial court, appellant has not preserved the issue for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) ("[N]umerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved."); *Holmes v. State*, 380 S.W.3d 307, 308–09 (Tex. App.—Fort Worth 2012, pet. ref'd).

Appellant has also failed to preserve his challenge to the constitutionality of Texas Code of Criminal Procedure article 42.07. A facial challenge to the constitutionality of a statute is a forfeitable right that may be lost by the "failure to insist upon it by objection, request, motion, or some other behavior." *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). Therefore, "a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Id.* Likewise, a party must challenge the constitutionality of a statute "as applied" in the trial court before raising the issue on appeal. *Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008); *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995).

Even had appellant preserved his issues for review, this Court and others have previously determined that the right to allocution is not protected under the United States Constitution. *See Eisen*, 40 S.W.3d at 636 ("We hold that the common law right of allocution did not achieve constitutional status."); *see also Clifford v. State*, No. 13-10-00256-CR, 2010 WL 5020237, at *3 (Tex. App.—Corpus Christi Dec. 9, 2010, pet. ref'd) (mem. op., not designated for publication) (concluding allocution is not a constitutional

4

right); *Garcia v. State*, No. 13–10–00281–CR, 2010 WL 4156458, at *3 (Tex. App.—Corpus Christi Oct. 11, 2010, pet. ref'd) (mem. op., not designated for publication) (same); *Allen v. State*, No. 11–05–00128–CR, 2006 WL 1644603, at *7 (Tex. App.—Eastland June 15, 2006, no pet.) (mem. op., not designated for publication) (observing *Eisen*'s holding that "defendant did not have a constitutional right to allocution" and finding "the court's reasoning persuasive").

We overrule appellant's issue.

## II. CONCLUSION

We affirm the trial court's judgments in appellate cause numbers 13-14-00018-CR and 13-14-00019-CR.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of July, 2015.