PD-1314-15

PD-1314-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/5/2015 12:16:36 PM
Accepted 10/7/2015 2:23:12 PM
ABEL ACOSTA
CLERK

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

**TERRELL LADEL DAVIS**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

---

Petition is in Cause No. 1308456D from the
371st Criminal District Court of Tarrant County, Texas,
and Cause No. 02-15-00163-CR in the
Court of Appeals for the Second District of Texas

---

**PETITION FOR DISCRETIONARY REVIEW**

---

Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Phone: (817) 222-3333
Fax:  (817) 222-3330
Email: lawfactor@yahoo.com
Attorney for Petitioner
Terrell Ladel Davis

FILED IN
COURT OF CRIMINAL APPEALS

October 7, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final judgment, as well as the names and addresses of all trial and appellate counsel.

Trial Judge:
The Hon. Mollee Westfall, Judge, 371st Criminal District Court, Tarrant Co.

Petitioner:
Terrell Ladel Davis

Petitioner's Trial Counsel:
Shane Lewis
TBN: 24046072
Attorney at Law
1319 Ballinger
Fort Worth, Texas 76102

Petitioner's Counsel
on Appeal:
Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117

Appellee:
The State of Texas

Appellee's Trial Counsel:
Timothy Rogers
TBN: 24046741
District Attorney's Office
401 W. Belknap Street
Fort Worth, Texas 76196

Appellee's Counsel
on Appeal:
Debra Windsor
TBN: 00788692
John Meskunas
TBN: 24055967
District Attorney's Office
401 W. Belknap Street
Fort Worth, Texas 76196

ii

# TABLE OF CONTENTS

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iv

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . .1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . .2

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

REASONS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.     The Court of Appeals erred when it held that Petitioner failed to preserve his facial attack on the constitutionality of the statute challenged on appeal. . . . . . . . . . . . . . . . . . . . . .3

     A.    *Facts*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

     B.    *Opinion Below*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

     C.    *Preservation of Error* . . . . . . . . . . . . . . . . . . . . . . . . . .4

     D.    *Landers v. State*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . .8

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

# INDEX OF AUTHORITIES

*Cases*                                                                 *page*

*Davis v. State*,
      02–15–00163–CR, 2015 WL 5770516 (Tex. App.–
          Fort Worth, Oct. 1, 2015, no. pet. h.)
                (mem. op., not designated for publication). . . . 2, 4

*Johnson v. State*,
      423 S.W.3d 385 (Tex. Crim. App. 2014). . . . . . . . . . . . . . . .2, 4, 5

*Karenev v. State*,
      281 S.W.3d 428 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . .4

*Landers v. State*,
      402 S.W.3d 252 (Tex. Crim. App. 2013). . . . . . . . . . . . . . . .2, 6, 7

*Lopez v. State,*
      253 S.W.3d 680 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . . . .4

*Mayer v. State*,
      309, S.W.3d 552 (Tex. Crim. App. 2010). . . . . . . . . . . . . . . . 5, 6

*Statutes*

TEX. CRIM. PROC. CODE ANN. § 26.05(g) (West Supp. 2014). . . . . . . . . .5

TEX. GOV'T CODE ANN. § 501.014 (West 2012). . . . . . . . . . . . . . . . . . . .3

TEX. PENAL CODE ANN. § 30.02( c)(2) (West 2011). . . . . . . . . . . . . . . .1

*Court Rules*

TEX. R. APP. P. 33.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

TEX. R. APP. P. 66.3( c)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

## STATEMENT REGARDING ORAL ARGUMENT

Because Petitioner does not believe that oral argument will materially assist the Court in its evaluation of matters raised by this pleading, Petitioner respectfully waives oral argument.

## STATEMENT OF THE CASE

On May 1, 2013, pursuant to a plea bargain agreement, Terrell Ladel Davis ("Mr. Davis" or "Petitioner") was placed on four (4) years deferred adjudication community supervision for the second-degree felony offense of burglary of a habitation. (C.R. 21); *see* TEX. PENAL CODE ANN. § 30.02( c)(2) (West 2011).

On March 16, 2015, the State filed it First Petition to Proceed to Adjudication, in which it alleged in two paragraphs that Mr. Davis had: 1) failed to participate in drug treatment as ordered; and, 2) used marijuana and cocaine, each in violation of the terms of his community supervision. (C.R. 33). At the hearing held on April 16, 2015, Mr. Davis pled "true" to refusing to participate in treatment, and "not true" to the drug use allegations. (II R.R. 7-8). The trial court found both the allegations true, adjudicated Mr. Davis guilty, and sentenced him to ten (10) years incarceration in TDCJ-CID. (C.R. 44; II R.R. 52). A Timely Notice of Appeal was filed on April 16, 2015. (C.R. 50).

1

## STATEMENT OF PROCEDURAL HISTORY

The Opinion by the Second Court of Appeals issued it Opinion modifying and affirming Mr. Davis' judgment and conviction as modified was handed down on October 1, 2015. *See Davis v. State*, 02–15–00163–CR, 2015 WL 5770516 (Tex. App.–Fort Worth, Oct. 1, 2015, no. pet. h.) (mem. op., not designated for publication). This Petition for Discretionary review is therefore timely.

## GROUNDS FOR REVIEW

## GROUND FOR REVIEW ONE

**I.      The Court of Appeals erred when it held that Petitioner failed to preserve his facial attack on the constitutionality of the statute challenged on appeal.**

## REASONS FOR REVIEW

1.      The decision by the Second Court of Appeals has decided an important question of state law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals; specifically *Landers v. State*, 402 S.W.3d 252 (Tex. Crim. App. 2013), and *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014). *See also* TEX. R. APP. P. 66.3( c).

**ARGUMENT**

**GROUND FOR REVIEW ONE (Restated)**

I.  **The Court of Appeals erred when it held that Petitioner failed to preserve his facial attack on the constitutionality of the statute challenged on appeal.**

    A.  *Facts*

After a revocation hearing, Mr. Davis was found guilty of burglary of a habitation. (II R.R. 52). The trial court sentenced Mr. Davis to a term of ten (10) years incarceration in the Institutional Division of the Texas Department of Criminal Justice. (II R.R. 52). Assessed as court cost against Mr. Davis were "Reparations" in the amount of $159.80, of which $26.80 of that amount is characterized as "fines." $250. (C.R. 43, 48). Also assessed as a court cost against Mr. Davis was a "Consolidated Court Cost" in the amount of $133. (C.R. 44, 48). Incorporated into the Judgment was an "Order to Withdraw Funds" relating to his inmate trust fund directing that $468.80 be taken pursuant to the statutory scheme for the State of Texas to withdraw funds from his inmate trust fund. (C.R. 47). *See* TEX. GOV'T CODE ANN. § 501.014 (West 2012). Mr. Davis did not object in the trial court to the assessment of costs or challenge the statute purporting to authorize the assessment of those costs.

3

**B.** *Opinion Below*

Pertinent to the matters raised in this Petition, the court of appeals held that since he did not raise it in the trial court, Mr. Davis had forfeited his complaint that section 133.102(a)(1) of the Texas Local Government Code was facially unconstitutional. *See Davis*, 2015 WL 5770516 at *4 (citing *Karenev v. State*, 281 S.W.3d 428 (Tex. Crim. App. 2009). Though the court of appeals mentioned this Court's opinion in *Johnson*, it held that under the circumstances, Mr. Davis' still could not raise his facial unconstitutionality challenge for the first time on appeal. *See Davis*, 2015 WL 5770516 at *4 (citing *Johnson*, 423 S.W.3d at 385).

**C.** *Preservation of Error*

Rule 33.1 of the Texas Rules of Appellate Procedure generally requires that a complaint on appeal be presented first to the trial court below or it is waived on review.[1] *See* TEX. R. APP. P. 33.1. However, this Court has recently determined that a complaint on appeal regarding the imposition of court costs upon the revocation of community

---

[1] To preserve a complaint for appellate review, a party, at trial, must present and obtain a ruling on the complaint that states "the grounds for the ruling that [it] sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1 (a); *see Lopez v. State,* 253 S.W.3d 680, 684 (Tex. Crim. App. 2008).

4

supervision can be raised for the first time on appeal. *See Johnson*, 423 S.W.3d at. This Court pointed out that while a defendant will be sentenced in open court, the written judgment is prepared at a later date. *Id.* (citation omitted). Therefore, most defendants would not even be aware of the amount of any costs or fees assessed as they are most often not assessed in open court, nor is an itemized bill presented with which to determine the accuracy of the assessed fees or costs. *Id.*

The *Johnson* court supported its decision by citing to this Court's opinion in *Mayer v. State*, 309, S.W.3d 552 (Tex. Crim. App. 2010). In *Mayer*, the appellant challenged the imposition of attorney's fees when his probation was revoked. Specifically, he claimed that there was no basis in the record to support the trial court's determination that the appellant had financial resources and, as a result, the ability to pay at least a portion of the cost of his defense. *Mayer*, 309 S.W.3d at 552; *see also* TEX. CRIM. PROC. CODE ANN. § 26.05(g) (West Supp. 2014) (requiring a judicial determination of whether a defendant has the financial resources to offset in whole, or part, the costs of the legal services provided to the defendant). The court held that since Mayer's complaint on appeal argued that there was insufficient evidence that

he had the financial resources and ability to pay the assessed attorney fees and that insufficient evidence points of error may be raised for the first time on appeal, Mayer's complaint was not waived by his failure to object in the trial court. *See Mayer*, 309 S.W.3d at 556.

## D. *Landers v. State*

This case is similar to *Landers v. State* where this Court explained that challenging the court cost for an attorney *pro tem* could be raised for the first time on appeal, holding:

> Since the fees were not imposed in open court and she was not required to file a motion for new trial, she has not forfeited the complaint on appeal.

*Landers*, 402 S.W.3d at 255. In *Landers*, the cost bill was available six days after the judgment and this Court explained:

> No notice of this document was given to the appellant or her attorney and no further proceedings were held. Consequently, the appellant was not given an opportunity to object to the imposition of these costs. Since she was not given the opportunity, the absence of an objection is not fatal to her appeal.

*Landers,* 402 S.W.3d at 255. This Court went on to declare that Landers was not required to object in a motion for new trial because there was no notice the cost bill had ever been created and it would "allow a judge to de facto alter the statutory time frame for motions for new

6

trial." *Landers*, 402 S.W.3d at 255.

Because the Second Court of Appeals failed to properly address every issue raised, this Court should exercise its power of supervision and correct that failure.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals, and that upon reviewing the judgment entered below, that this Court vacate the opinion of the Second Court of Appeals and remand for full consideration of Petitioner's complaints on appeal.

Respectfully submitted,

/s/ Abe Factor
Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorney for Petitioner
Terrell Ladel Davis

7

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 1,968.

/s/ Abe Factor
Abe Factor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State's Prosecuting Attorney and the Tarrant County District Attorney by a manner compliant with the Texas Rules of Appellate Procedure, on this 5th day of October, 2015.

/s/ Abe Factor
Abe Factor

8

## APPENDIX

1.     Opinion of the Second Court of Appeals, October 1, 2015



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00163-CR

---

TERRELL LADEL DAVIS                                                 APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1308456D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Terrell Ladel Davis appeals from his conviction for burglary of a habitation.[2]  In two points, he contends that the trial court erred by including an unauthorized fine in its judgment and that part of the court costs contained in the

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 30.02(a) (West 2011).

judgment are illegal because the statute authorizing them is unconstitutional. We modify the trial court's judgment and affirm it as modified.

## Background Facts

A grand jury indicted appellant for burglary of a habitation; the indictment alleged that he had entered the habitation while intending to commit theft. Appellant received appointed counsel, waived several constitutional and statutory rights, judicially confessed to the offense, and pled guilty. In accordance with a plea bargain agreement, the trial court deferred adjudication of appellant's guilt and placed him on community supervision for four years. The deferred adjudication order recited a fine of "$400 Not Suspended" and required appellant to pay court costs. A separate document included payment of the $400 fine and $284 in court costs as part of appellant's conditions of community supervision.

Less than two years later, the State filed a petition for the trial court to adjudicate appellant's guilt. The State alleged that he had violated his community supervision conditions by not participating in a substance abuse treatment program and by using illegal drugs on several occasions.

The trial court held a hearing on the State's petition. Appellant pled true to not participating in the substance abuse treatment program and not true to using illegal drugs. After receiving evidence from four witnesses (including appellant), the trial court found that both allegations were true. The court found appellant guilty and sentenced him to ten years' confinement. On the record at the hearing, the trial court did not impose a fine. Appellant brought this appeal.

**Validity of Fine**

In his first point, appellant contends that the judgment adjudicating his guilt includes a fine that was not pronounced orally and that must therefore be deleted. In response, the State argues only that the judgment adjudicating guilt does not contain a fine.

The trial court's "Judgment Adjudicating Guilt" reflects appellant's conviction and sentence and shows on its face that he owes $309 in court costs. Although the judgment does not expressly include a fine,[3] it incorporates an attached "Order to Withdraw Funds."[4] That order states that appellant has been assessed "[c]ourt costs, fees[,] and/or fines" in the amount of $468.80. The order requires payment of that amount out of appellant's inmate trust account. The difference between the total amount owed, $468.80, and the court costs owed, $309 (as stated in the judgment), is $159.80. The clerk's record contains a document that designates $159.80 as the "[t]otal of all [r]eparations [o]wed." That document establishes that the $159.80 sum comprises $13 due to the community supervision and corrections department, $120 of probation fees, and $26.80 in "fines." Another document in the record, which appears to have been generated by the district clerk, establishes that appellant paid $373.20 of his

---

[3]In the place of the judgment where a fine could be expressly included, the judgment says "N/A."

[4]The judgment states, "Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part thereof."

original $400 fine (which the deferred adjudication order recited) and therefore had $26.80 in "[f]ines [r]emaining."

We conclude that when considered collectively, these documents establish that by incorporating into the judgment the Order to Withdraw Funds, which requires appellant to pay $468.80 out of his trust account, the trial court necessarily included the remaining, unpaid fine of $26.80—part of the "[r]eparations" of $159.80—in the judgment. Thus, we cannot agree with the State that the "judgment adjudicating guilt does not contain a fine."

Appellant contends that the $26.80 fine must be deleted because although that amount was included as part of the larger $400 fine in the order deferring adjudication of his guilt, the judgment adjudicating guilt superseded that order and therefore also superseded the fine. Citing the same case upon which appellant principally relies—*Taylor v. State*, 131 S.W.3d 497 (Tex. Crim. App. 2004)—the State concedes that because a judgment adjudicating guilt "sets aside an order deferring adjudication of guilt, a trial court cannot impose a fine at adjudication—even one previously imposed as a condition of community supervision—unless it orally pronounces one." The State also acknowledges that the trial court did not pronounce a fine when it adjudicated appellant's guilt.

We agree with the parties' shared understanding of *Taylor* as holding that a judgment adjudicating guilt sets aside a fine that is contained in an order deferring adjudication and that is not announced orally by the court when it revokes community supervision and convicts and sentences a defendant. *See*

4

*id.* at 502; *see also Abron v. State*, 997 S.W.2d 281, 281–82 (Tex. App.—Dallas 1998, pet. ref'd) (modifying a judgment to delete a fine that was imposed in an order deferring adjudication but was not orally pronounced upon the revocation of community supervision, conviction, and sentencing). Thus, because the trial court included $26.80 as part of the $400 fine in the order deferring adjudication but did not announce any fine orally when it revoked appellant's community supervision and convicted and sentenced him, we hold that the fine must be deleted. *Taylor*, 131 S.W.3d at 502; *Abron*, 997 S.W.2d at 281–82; *see also Noonkester v. State*, No. 02-14-00147-CR, 2015 WL 831421, at *2 (Tex. App.— Fort Worth Feb. 26, 2015, no pet.) (mem. op., not designated for publication) ("[B]ecause the trial court did not include the fine previously assessed in its order deferring adjudication in its oral pronouncement of sentence at the revocation hearing, we reform the judgment adjudicating guilt to delete the $1,500 fine . . . ."); *Washington v. State*, No. 02-11-00152-CR, 2012 WL 1345743, at *2 (Tex. App.—Fort Worth Apr. 19, 2012, no pet.) (mem. op., not designated for publication) ("[W]e reform the trial court's judgment to delete the language regarding the payment of the portion of reparations that is made up of a previously assessed fine."). We sustain appellant's first point.

## Validity of Court Costs

In his second point, appellant argues that $133 of the $309 in court costs was imposed under section 133.102(a)(1) of the local government code, which he asserts is facially unconstitutional. That section states that a person

"convicted of an offense shall pay," in addition to all other costs, "$133 on conviction of a felony." Tex. Loc. Gov't Code Ann. § 133.102(a)(1) (West Supp. 2014). The section also states that this cost must be remitted to the comptroller for use in several funds, including funds concerning abused children's counseling, crime stoppers assistance, breath alcohol testing, criminal justice planning, and judicial training. *Id.* § 133.102(b), (e). A bill of costs in the clerk's record includes $133 as a cost labeled as "CCC-Felony."

Appellant contends that section 133.102(a)(1) violates the separation of powers provision in the Texas Constitution. *See* Tex. Const. art. II, § 1. He asserts that none of the uses for the cost authorized by section 133.102 are "necessary or incidental" to the trial of a criminal case, that the cost therefore operates as a tax and makes courts tax gatherers, and that a 1942 decision from the court of criminal appeals precludes the cost. *See Ex parte Carson*, 143 Tex. Crim. 498, 500–01, 505, 159 S.W.2d 126, 127, 130 (1942), *overruled by Peraza v. State*, Nos. PD-0100-15, PD-0101-15, 2015 WL 3988926, at *7 (Tex. Crim. App. July 1, 2015) ("We therefore reject *Carson*'s requirement that, in order to pass constitutional muster, the statutorily prescribed court cost must be 'necessary' or 'incidental' to the 'trial of a criminal case.'").

Appellant did not present any of these arguments in the trial court. The State contends that he therefore did not preserve them for our review. Generally, to preserve a complaint for our review, a party must have presented to the trial court a timely objection that states the specific grounds for the desired ruling if

they are not apparent from the context of the objection. Tex. R. App. P. 33.1(a)(1); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Sanchez v. State*, 418 S.W.3d 302, 305 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt*, 407 S.W.3d at 263. Even most constitutional issues, including facial challenges to the constitutionality of a statute, may be forfeited by failing to raise them in the trial court.[5] *Ibenyenwa v. State*, 367 S.W.3d 420, 422 (Tex. App.—Fort Worth 2012, pet. ref'd) (op. on reh'g); *see Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) ("We conclude that a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute."). We should not address the merits of an issue that has not been preserved for our review. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

---

[5]While the court of criminal appeals has stated that a "penal statute's . . . compliance with the separation of powers section of our state constitution" is a systemic requirement that may be raised for the first time on appeal, *see Henson v. State*, 407 S.W.3d 764, 768 (Tex. Crim. App. 2013), *cert. denied*, 134 S. Ct. 934 (2014), appellant does not contend that a penal statute violated separation of powers. In contexts other than challenges to the facial validity of penal code provisions, we have held that separation of powers arguments must be preserved in the trial court. *See Gamble v. State*, Nos. 02-13-00573-CR, 02-13-00574-CR, 2015 WL 221108, at *4 (Tex. App.—Fort Worth Jan. 15, 2015, pet. ref'd) (mem. op., not designated for publication); *Russell v. State*, No. 02-11-00478-CR, 2013 WL 626983, at *2 (Tex. App.—Fort Worth Feb. 21, 2013, pet. ref'd) (mem. op., not designated for publication).

7

Appellant acknowledges these general principles of error preservation but cites *Johnson v. State*, a 2014 decision from the court of criminal appeals, to argue that a "complaint . . . regarding the imposition of court costs upon the revocation of community supervision can be raised for the first time on appeal." 423 S.W.3d 385 (Tex. Crim. App. 2014). There, Johnson appealed the assessment of $234 in court costs, contending that the record "contained no bill of costs or other evidence supporting the $234 amount." *Id.* at 388. Although a court of appeals held that the costs had been included in the judgment erroneously because no evidence supported them, the court of criminal appeals held that a supplemental record that contained a bill of costs sufficiently supported the costs. *Id.* at 388, 395–96. In reaching that holding, the court also addressed preservation of error. *Id.* at 390–91. The court held that a "criminal defendant need not preserve an objection in the trial court to raise a claim *challenging the bases for the imposition of court costs* for the first time on appeal." *Id.* at 390 (emphasis added). In so holding, the court relied on one of its previous opinions, which similarly concerned the factual basis for court-ordered reimbursement of appointed attorney's fees. *See id.* (citing *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).[6] The court emphasized

---

[6]In *Mayer*, the court explained,

> We conclude that appellant's complaint *about the sufficiency of evidence* of his financial resources and ability to pay were likewise not waived by his failure to raise such a complaint at trial. We

8

that "while some defendants in some cases may have an opportunity to recognize a basis to object to the imposition of court costs in open court if an itemized bill is available to them, most defendants . . . will not." *Id.* at 390–91.

While the holding in *Johnson* signifies that a defendant need not object to the factual bases for an aggregate amount of costs to contest that amount on appeal, the holding does not explicitly or necessarily affect the more general rule that a facial challenge to the constitutionality of a statute—a legal claim that is independent of weighing facts that appear in the record—must be brought in a trial court to be raised on appeal.[7] *See Karenev*, 281 S.W.3d at 434 ("Statutes are presumed to be constitutional until it is determined otherwise. The State and the trial court should not be required to anticipate that a statute may later be held to be unconstitutional." (footnote omitted)). Here, upon appellant's conviction, he had all the information needed to challenge the constitutionality of section 133.102(a)(1) while the trial court had authority to rule on the challenge.[8] *See* Tex. Loc. Gov't Code Ann. § 133.102(a)(1) (stating that a person "shall pay" $133

---

reiterate that *no trial objection is required to preserve an appellate claim of insufficient evidence* . . . .

309 S.W.3d at 556 (emphasis added).

[7]A facial challenge to a statute is predicated only on the language of a statute, not how the statute applies to the circumstances of a particular case. *See State v. Rosseau*, 396 S.W.3d 550, 558 n.9 (Tex. Crim. App. 2013).

[8]We note that the district clerk's cost bill, which includes the $133 "CCC-Felony" cost, bears a date of April 21, 2015. The trial court sentenced appellant on April 16, 2015, and the trial court signed its judgment on April 22, 2015.

9

"on conviction of a felony"); *see also State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005) (explaining that "[a]t a minimum," a trial court has plenary power over a criminal case thirty days after sentencing occurs).

Accordingly, while acknowledging the holding in *Johnson*, one of our sister courts recently held that a facial challenge to the constitutionality of section 133.102 cannot be raised for the first time on appeal. *Guerrero v. State*, Nos. 01-13-00821-CR, 01-13-00822-CR, 2015 WL 2266247, at *3–4 (Tex. App.—Houston [1st Dist.] May 14, 2015, pet. filed) (mem. op., not designated for publication) ("[*Johnson*] did not address the constitutionality of court costs, and, therefore, [does] not support Guerrero's contention that he may assert his constitutional claim for the first time on appeal. . . . [W]e hold that Guerrero failed to preserve his constitutional challenge to . . . section 133.102's allocation of funds . . . ."); *see also Thias v. State*, No. 07-12-00513-CR, 2014 WL 6556530, at *2 (Tex. App.—Amarillo Nov. 20, 2014, no pet.) (mem. op., not designated for publication) (likewise holding that a defendant forfeited a constitutional challenge to section 133.102 by raising it for the first time on appeal); *cf. Salinas v. State*, 464 S.W.3d 363, 365, 368 (Tex. Crim. App. 2015) (remanding a case to a court of appeals to consider the merits of a constitutional challenge to section 133.102 when after sentencing, a defendant objected to the section's constitutionality).

Because appellant had an opportunity upon his conviction in the trial court to challenge the constitutionality of section 133.102 but instead brought the challenge for the first time in this court, we hold that he forfeited the challenge,

and we overrule his second point.  *See* Tex. R. App. P. 33.1(a); *Karenev*, 281 S.W.3d at 434; *Guerrero*, 2015 WL 2266247, at *3–4; *Thias*, 2014 WL 6556530, at *2; *see also Holmes v. State*, 380 S.W.3d 307, 308 (Tex. App.—Fort Worth 2012, pet. ref'd) ("[A] challenge to the constitutionality of a statute is a forfeitable right and must be preserved in the trial court during *or after trial*." (emphasis added)).

## Conclusion

Having sustained appellant's first point and having overruled his second point, we modify the trial court's judgment to exclude $26.80 from the total amount of $468.80 of "[c]ourt costs, fees[,] and/or fines" that the judgment orders appellant to pay.  We reform the judgment so that the "Order to Withdraw Funds," which the judgment expressly incorporates, requires appellant to pay $442.  As modified, we affirm the judgment.  *See* Tex. R. App. P. 43.2(b); *Alexander*, 301 S.W.3d at 364.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 1, 2015