

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-18-00185-CR

---

BRYAN JOSEPH MELE, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1503581R

---

Before Sudderth, C.J.; Gabriel and Bassel, JJ.
Memorandum Opinion by Justice Gabriel

# MEMORANDUM OPINION

Appellant Bryan Joseph Mele appeals from his conviction for the first-degree felony offense of continuous sexual abuse of a child under fourteen (CSA) and from the resulting thirty-year sentence. *See* Tex. Penal Code Ann. § 21.02(b) (West Supp. 2018). He argues that his sentence, which is ineligible for parole, is unconstitutional as violative of the prohibition against cruel and unusual punishment and the guarantee of equal protection. Because Mele failed to preserve these issues for appeal, we affirm.

## I. BACKGROUND

Mele sexually abused his young daughter over the span of seven years and was indicted for CSA. Mele pleaded guilty without a plea-bargain agreement. At the punishment hearing, the trial court found Mele guilty, and the State proffered a presentence-investigation report, which the trial court admitted into evidence. Mele's counsel then urged the trial court to sentence Mele at the "low end" of the sentencing range—twenty-five to ninety-nine years' or life confinement. *See id.* § 21.02(h). The State asked that the trial court sentence Mele to a term "sufficient to ensure the safety of this community." The trial court sentenced Mele to thirty years' confinement. Mele now appeals and contends that the statutory parole prohibition for CSA is

unconstitutional.[1]  *See* Tex. Gov't Code Ann. § 508.145(a) (West Supp. 2018); Tex. Penal Code § 21.02.

## II. DISCUSSION

In Mele's first and second issues, he argues that his statutory ineligibility for parole constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and of article I, section 13 of the Texas Constitution.  U.S. Const. amend. VIII, XIV; Tex. Const. art. I, § 13; Tex. Gov't Code Ann. § 508.145(a); Tex. Penal Code Ann. § 21.02.  And in Mele's third and fourth issues, he argues that the categorical denial of parole based on his CSA conviction violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and of article I, section 3 of the Texas Constitution. U.S. Const. amend. XIV; Tex. Const. art. I, § 3.  Mele acknowledges that these federal and state constitutional provisions are coextensive.  See *Cannady v. State*, 11 S.W.3d 205, 215 (Tex. Crim. App. 2000); *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997).

"[A] challenge to the constitutionality of a statute is a forfeitable right and must be preserved in the trial court during or after trial."  *Holmes v. State*, 380 S.W.3d 307, 308 (Tex. App.—Fort Worth 2012, pet. ref'd); *see Ibenyenwa v. State*, 367 S.W.3d 420,

---

[1]Mele does not clearly identify his constitutional arguments to be either facial or as-applied challenges.  We consider Mele to be asserting both because his briefing could liberally be read to encompass both.  *See* Tex. R. App. P. 38.9.

422 (Tex. App.—Fort Worth 2012, pet. ref'd) (op. on reh'g). A defendant may not raise a facial challenge to the constitutionality of a statute for the first time on appeal. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *Ibenyenwa*, 367 S.W.3d at 422. Similarly, the constitutionality of a statute as applied must be raised in the trial court in order to preserve error. *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995); *Ibenyenwa*, 367 S.W.3d at 422; *see Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008) (noting the "well-established requirement that appellant must preserve an 'as applied' constitutional challenge by raising it at trial").

Mele did not raise these issues during the trial and did not file a motion for new trial. Tex. R. App. P. 21.4(a), 33.1(a). He has, thereby, failed to preserve his constitutional complaints for our review. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding constitutional sentencing complaint not preserved because defendant did not raise it during sentencing or in motion for new trial).

But even if Mele had preserved his complaints, we have held that the sentencing scheme for CSA convictions is facially constitutional.[2] *See McCain v. State*, No. 02-16-00411-CR, 2018 WL 1324485, at *1–7 (Tex. App.—Fort Worth Mar. 15, 2018, no pet.); *accord Martin v. State*, 335 S.W.3d 867, 878–79 (Tex. App.—Austin

---

[2] A statute is unconstitutional on its face when its terms always operate unconstitutionally. *Gillenwaters v. State*, 205 S.W.3d 534, 536 n.2 (Tex. Crim. App. 2006).

2011, pet. ref'd).  Further, the circumstances of Mele's offense would not convince us that this statutory-sentencing scheme operated unconstitutionally as applied to him.[3] *See, e.g.*, *Long v. State*, Nos. 02-17-00406-CR, 02-17-00407-CR, 2018 WL 3581008, at *2 (Tex. App.—Fort Worth July 26, 2018, pet. ref'd) (mem. op., not designated for publication); *McCain*, 2018 WL 1324485, at *7.

### III. CONCLUSION

Because Mele failed to preserve his issues for appeal, we overrule his issues and affirm the trial court's judgment.  *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 13, 2018

---

[3]A statute is unconstitutional as applied if the statute is generally constitutional but operates unconstitutionally as applied to the claimant's specific circumstances. *Estes v. State*, 546 S.W.3d 691, 698 (Tex. Crim. App. 2018).