

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00125-CR

_____

BOBBY CARL VONCK, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR16-0667

---

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

In this community-supervision-revocation appeal, Appellant Bobby Carl Vonck complains of two fees assessed as part of his original conviction. Because he failed to preserve his arguments, we affirm the trial court's judgment.

In 2017, Vonck pleaded guilty pursuant to a plea bargain to an injury-to-a-child charge. He was convicted, sentenced to ten years, fined $500, and billed $348 in court costs. The trial court suspended the sentence in favor of ten years' community supervision. Both the fine and $348 in court costs were noted on the judgment and the community-supervision order (which was signed by Vonck). Vonck, having waived his right to appeal in the plea-bargain agreement, did not appeal the trial court's judgment.

In 2019, the State moved to revoke Vonck's community supervision due to his possession and use of methamphetamine, his failure to pay required court costs and fees, and his failure to complete assigned community service. Vonck pleaded true to the State's allegations, and the trial court revoked his community supervision and sentenced him to nine years' incarceration. Vonck's $500 fine and $348 in court costs remained unpaid at the time of the revocation.

On appeal, Vonck challenges two of the assessed court costs—the time-payment fee and the juror-reimbursement fee. Vonck argues that the time-payment fee is unconstitutional and that the juror-reimbursement fee is inappropriate because no jury was "ever involved in either [his] original guilty plea or his probation

revocation hearing." But Vonck failed to preserve his arguments by appealing the assessment of fees when they were initially imposed with his 2017 conviction.[1]

Generally, an appellant cannot complain about community-supervision conditions, or matters related to the initial proceeding imposing community supervision, during a revocation proceeding unless the appellant objected during the proceeding at which the trial court imposed community supervision. *See Gutierrez v. State*, 380 S.W.3d 167, 174–78 (Tex. Crim. App. 2012). This rule has been held to include issues of court costs. *Wiley v. State*, 410 S.W.3d 313, 320–21 (Tex. Crim. App. 2013); *see also Perez v. State*, 424 S.W.3d 81, 85–86 (Tex. Crim. App. 2014) (noting, in deferred-adjudication revocation, that the defendant had waived his right to appeal with notice of the assessment of court costs assessed in deferred-adjudication order); *cf. Holmes v. State*, 380 S.W.3d 307, 308 (Tex. App.—Fort Worth 2012, pet. ref'd) ("[A] challenge to the constitutionality of a statute is a forfeitable right . . . .").

In light of Vonck's failure to preserve his arguments, we must overrule his points on appeal and affirm the trial court's judgment.

---

[1]Though the State has not challenged Vonck's arguments on preservation grounds, we must independently review error preservation as a systemic requirement. *See Darcy v. State*, 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 15, 2020