**Opinion issued August 16, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00746-CR

———————————

**ZACKERY TERRELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Case No. 67366**

---

## MEMORANDUM OPINION

A jury convicted appellant Zackery Terrell of possession of a controlled substance, cocaine, in an amount less than one gram. *See* TEX. HEALTH & SAFETY CODE § 481.115(b). He pleaded true to two enhancement allegations, specifically that he previously had been convicted of aggravated assault with a deadly weapon

and possession with intent to deliver a controlled substance, cocaine, in an amount between one and four grams. The trial court assessed punishment of 50 years in prison.

On appeal, Terrell contends that he received ineffective assistance of counsel, asserting that his trial counsel failed to advise him properly of the full range of punishment before he rejected a plea-bargain offer. He also contends that the trial court entered an illegal sentence. We affirm.

## Background

Zackery Terrell was stopped for a traffic offense and arrested for driving with a suspended license and without insurance. Police officers conducted an inventory search, which uncovered a loaded handgun, drug paraphernalia containing a residue of cocaine, more than $12,000 in cash, and approximately 530 grams of liquid codeine and promethazine.

Approximately six weeks after his arrest, Terrell was charged by indictment with possession of less than one gram of cocaine. *See* TEX. HEALTH & SAFETY CODE § 481.115(b). The indictment included two enhancement paragraphs, alleging that prior to the commission of the indicted offense, Terrell had been convicted of two sequential crimes. In 1995, he committed the felony offense of aggravated assault with a deadly weapon. After that conviction became final, Terrell was convicted of the felony offense of possession of between one and four grams of cocaine. The State

2

later gave notice of its intent to request an instruction and jury finding that the handgun used in the commission of the charged offense was a deadly weapon.

Prior to jury selection, the trial court considered Terrell's motion in limine, which sought to exclude all evidence regarding extraneous crimes or misconduct. Although the charged offense of possession of less than a gram of cocaine is a state-jail felony, the punishment range could be enhanced to 25 years to life in prison if the State proved that Terrell used a deadly weapon in the commission of the charged offense and previously had been convicted of the two sequential felonies charged in the enhancement paragraphs of the indictment. *See* TEX. PENAL CODE § 12.42(d). The trial court agreed that the State should be prohibited from mentioning any prior convictions during the guilt-or-innocence phase of trial but stated, "they are going to get to voir dire on the possible ranges of punishment." The court and counsel then discussed how the voir dire could be conducted to meet both objectives. During this discussion, the possible enhanced punishment range of 25 years to life in prison was mentioned 11 times by counsel and the court, and the minimum sentence of 25 years was mentioned an additional two times. There was no mention of any plea offer, and there was no indication that Terrell misunderstood the possible punishment range. The record shows that the 25 years to life punishment range was not mentioned in front of the jury.

The jury found Terrell guilty, and the court assessed punishment of 50 years in prison. After trial counsel failed to timely file a notice of appeal, Terrell filed a petition for writ of habeas corpus seeking an out of time appeal. The trial court agreed that trial counsel was ineffective for failing to file a motion for new trial, and the Court of Criminal Appeals granted an out-of-time appeal.

Terrell then filed a motion for new trial and motion in arrest of judgment. His motion for new trial alleged that his trial counsel was ineffective in 11 different ways, including failing to advise him properly of the range of punishment and the possible results of trial. The motion for new trial did not mention a plea offer or assert that if trial counsel had given proper advice about the range or punishment and possible results of trial, that Terrell would have accepted the plea agreement rather than go to trial.

The trial court held a hearing on the motion for new trial about 18 months after the trial. Terrell testified that his retained trial counsel, Arthur Washington, told him at their first meeting that he had been charged with a state-jail felony. Terrell testified that Washington later advised him that the range of punishment was two to ten years in prison, but on the day of trial, he said that the punishment range was two to twenty years. Terrell also testified that on the day of trial, the judge informed him, in front of the jury, that the punishment range was 25 years to life in prison. Terrell

4

alleged that Washington never discussed with him the deadly-weapon allegation or mentioned a punishment range of 25 years to life in prison.

Terrell acknowledged that Washington conveyed a plea offer of seven years, which he rejected because he thought the range of punishment was two to ten years in prison, and he believed the only difference between a seven- and a ten-year sentence was the amount of time he would spend on parole. Terrell thought that with either sentence he would most likely have the same parole date. But he did not speak up when he heard the court say that the range of punishment was 25 years to life in prison. He testified that he was surprised, did not think he could "say something then," and believed that he no longer had the right to accept the plea offer. Terrell had hoped for a two-year plea bargain, but he would have taken the seven-year plea bargain if he had thought the range of punishment allowed a sentence as long as 20 years.

Arthur Washington also testified at the motion for new trial hearing. Most of the questioning centered on the legal question of what level felony had been alleged and the appropriate range of punishment. At first, Washington testified that he had advised Terrell that the range of punishment would be two to ten years in prison. He later recalled that the offense was indicted as a state-jail felony, enhanced by the notice seeking to prove that Terrell used a deadly weapon, and further enhanced by two habitual offender allegations, all of which raised the punishment range to 25

5

years to life in prison. Neither Terrell's appellate counsel nor the prosecutor asked Washington if he had advised Terrell that the range of punishment could be 25 years to life in prison if all the enhancements were proven. Washington testified that the State made a final plea offer of seven years in prison, which would have resulted in the dismissal of all other pending cases against him in Brazoria County, but Terrell rejected it.

The trial court denied the motion for new trial, and Terrell appealed.

## Analysis

Terrell raises two issues on appeal. First, he argues that he received ineffective assistance of counsel. He asserts that his trial counsel mistakenly advised him about the range of punishment and that he relied on this erroneous advice when he rejected a plea-bargain offer for seven years in prison. Second, he argues that the trial court's sentence was greater than that allowed by statute.

## I.    Ineffective assistance of counsel

When a defendant claims his plea was involuntary due to ineffective assistance of counsel, often he has pleaded guilty but argues he would have gone to trial but for counsel's erroneous advice. *See, e.g.*, *Labib v. State*, 239 S.W.3d 322, 333 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999)). Terrell raises the opposite complaint: he argues that his trial counsel erroneously advised him of the range of punishment

he could face, and if he had known the steep penalty he faced at trial, he would have pleaded guilty and accepted a seven-year prison term.

A claim of ineffective assistance of counsel must be "'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of the claim." *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). To prove a claim of ineffective assistance of counsel, an applicant must show that trial counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that but for counsel's unreasonable error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Because the record must affirmatively demonstrate the alleged ineffectiveness, a defendant's uncorroborated testimony about counsel's errors will not establish ineffective assistance of counsel. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

At the hearing on the motion for new trial, Terrell testified about the advice he received. He said that Washington initially told him that he was charged with a state-jail felony. The punishment range for a state-jail felony is 180 days to two years in state jail. TEX. PENAL CODE § 12.35(a). Terrell testified that after the State later

7

alleged prior felony convictions to enhance the offense, Washington told him that the range of punishment was two to ten years in prison. Terrell also testified that on the day of trial, Washington advised him the punishment range was two to twenty years in prison. According to Terrell, his trial counsel never discussed with him the deadly-weapon allegation or a punishment range of 25 years to life in prison.

Terrell's testimony arose in a hearing on a motion for new trial. The trial court, as factfinder, was not required to accept his testimony as true. *See Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014); *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006); *Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001). "Even if the testimony is not controverted or subject to cross-examination, the trial judge has discretion to disbelieve that testimony." *Colyer*, 428 S.W.3d at 122.

Washington testified that *before* he received the State's notice of intent to prove use of a deadly weapon, he advised Terrell that with the two enhancement allegations the state-jail felony was enhanced to a third-degree felony with a range of punishment between two and ten years in prison. Washington was not asked what other advice he gave to Terrell about the punishment range as the case progressed.

Washington's testimony at the hearing on the motion for new trial—18 months after the trial—reflected some confusion about the felony grade and punishment range at issue. Terrell argues that this confusion is evidence that

8

Washington's representation was unreasonable. But the quality of trial counsel's memory or knowledge at the time of the hearing is not directly at issue. The question about whether there was ineffective assistance of counsel depends instead on what Washington told Terrell about the punishment range before trial.

Although Washington exhibited some confusion on the matter at the evidentiary hearing, the record from the pretrial hearing on Terrell's motion in limine demonstrates his contemporaneous understanding that based on the indictment, enhancements, and notice of intent to prove use of a deadly weapon, Terrell faced a punishment range of 25 years to life in prison as a habitual offender. Washington advocated for a prohibition on mentioning any of Terrell's prior convictions during voir dire because he knew the State would be interested in questioning the panel about its ability to consider the full range of punishment, especially when the State was seeking 25 years to life imprisonment on possession of less than a gram of cocaine.

On his claim of ineffective assistance of counsel, it was Terrell's burden to show by a preponderance of the record evidence that Washington failed to provide reasonably competent professional advice by failing to advise him about the potential range of punishment. Because the trial court could have disbelieved Terrell's testimony that his trial counsel never advised him of the correct range of

punishment, we conclude that the trial court did not abuse its discretion by denying the motion for new trial, and we overrule this issue.

## II. Sentencing under the habitual-offender statute

In his second issue, Terrell argues that the court erred by rendering an illegal sentence because he was sentenced under the wrong habitual felony offender provision. He was sentenced under Penal Code section 12.42(d), which provides for punishment of 25 years to life, but he contends he should have been sentenced under section 12.425(c) and its second-degree felony punishment range of 2 to 20 years. *See* TEX. PENAL CODE § 12.33. Terrell also contends that the notice given by the State was insufficient to apprise him of the intent to enhance his punishment as a habitual offender.

## A. Preservation of error

The State contends the challenge to Terrell's sentence was waived by the failure to object or otherwise raise the issue in the trial court. As support for its waiver argument, the State relies upon *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986), *Holmes v. State*, 380 S.W.3d 307, 308 (Tex. App.—Fort Worth 2012, pet. ref'd), *Ponce v. State*, 89 S.W.3d 110, 114–15 (Tex. App.—Corpus Christi 2002, no pet.), and *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd).

In *Mercado v. State*, 718 S.W.2d 291 (Tex. Crim. App. 1986), the appellant challenged a trial court's affirmative finding of the use of a deadly weapon on the grounds that "it was entered after he gave notice of appeal and was, therefore, untimely and vindictive." 718 S.W.2d at 295. The Court of Criminal Appeals observed: "As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court." *Id*. at 296.

This "general rule" does not extend to preclude review of a sentence that is illegal due to the fact that it is outside the maximum or minimum range of punishment. *See Mizell v. State*, 119 S.W.3d 804, 806-07 (Tex. Crim. App. 2003). Any court with jurisdiction may notice and correct an illegal sentence, even if the defendant did not object in the trial court. *Id*. at 806–07 & n.17. To the extent the court in *Ponce v. State*, 89 S.W.3d 110 (Tex. App.—Corpus Christi 2002, no pet.), interpreted *Mercado* to require objections to illegal sentences to be preserved in the trial court, the subsequent *Mizell* opinion clarified the rule to be otherwise. *Quintana v. State*, 777 S.W.2d 474 (Tex. App.—Corpus Christi 1989, pet. ref'd), is inapposite because it addressed preservation requirements relating to a claim that a sentence violated constitutional prohibitions of cruel and unusual punishments. *See Quintana*, 777 S.W.2d at 479. Finally, *Holmes v. State*, 380 S.W.3d 307 (Tex. App.—Fort Worth 2012, pet. ref'd), is distinguishable because it presented an as-applied due-

process challenge to the application of the Penal Code, which requires preservation in the trial court. *See Holmes*, 380 S.W.3d at 308 (citing *Anderson v. State*, 301 S.W.3d 276, 279–80 (Tex. Crim. App. 2009)).

To the extent Terrell challenges the adequacy of notice that the State sought to have him sentenced as a habitual felony offender pursuant to Penal Code section 42.12(d), we agree with the State that the objection was not raised in the trial court and therefore has been waived. *See* TEX. R. APP. P. 33.1(a). To the extent Terrell challenges the sentence itself as being void and illegal because section 42.12(d) does not apply, we conclude no trial objection was required to challenge the sentence on appeal. *See Mizell*, 119 S.W.3d at 806-07.

## B.    Habitual offender punishment ranges

With no enhancements, the punishment for conviction of a state-jail felony is confinement in state jail between 180 days and two years. TEX. PENAL CODE § 12.35(a). When the defendant is found to have "used or exhibited" a deadly weapon "during the commission of the offense or during immediate flight following the commission of the offense," the punishment is enhanced to that of a third-degree felony, i.e., confinement in prison for two to ten years. *Id.* §§ 12.34, 12.35(c). This is known as an aggravated state-jail felony. *See Ford v. State*, 334 S.W.3d 230, 233 (Tex. Crim. App. 2011).

An aggravated state-jail felony may be enhanced further by the habitual-offender statutes. *Id.* Penal Code section 12.425 establishes enhanced punishments for a defendant on trial for a state-jail felony. Only subsection (c) applies to aggravated state-jail felonies, and it provides for stricter punishment if the defendant has one prior felony conviction:

> If it is shown on the trial of a state jail felony for which punishment may be enhanced under Section 12.35(c) that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the second degree.

TEX. PENAL CODE § 12.425(c).

Finally, section 12.42(d) establishes a more stringent punishment range for three-time repeat felony offenders. The statute provides:

> [I]f it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

*Id.* § 12.42(d).

Terrell argues that the sentence for his conviction is controlled by Penal Code section 12.425(c), which applies a maximum punishment equivalent to a second-degree felony, and that the statute does not permit any state-jail felony to be enhanced to punishment beyond that of a second-degree felony. We disagree.

13

Section 12.425(c) could apply to Terrell's offense, because it is the only provision of section 12.425 that applies to aggravated state-jail felonies. The other provisions of section 12.425, subsections (a) and (b), are both limited to ordinary state-jail felonies, as indicated by text in each subsection specifying application to "a state jail felony punishable under Section 12.35(a)." *Id.* § 12.425(c). Subsection (c) applies only to aggravated state-jail felonies—those "for which punishment may be enhanced under Section 12.35(c)"—and provides for an enhanced punishment equivalent to a second-degree felony in the event the defendant "has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a)." *Id.*

But nothing in the text of section 12.425 supports Terrell's contention that it is the exclusive means of enhancing state-jail felony punishments on the basis of habitual offenses. Contrary to Terrell's argument, section 12.42(d) expressly provides that it may apply to a "felony offense other than a state jail felony punishable under section 12.35(a)." *Id*. § 12.42(d). Since an aggravated state-jail felony offense is not punishable under section 12.35(a), and is instead punishable under section 12.35(c), it is included among the felony offenses eligible for sentencing under section 12.42(d). *Id.* Section 12.42(d) unambiguously made Terrell eligible for sentencing as a repeat and habitual felony offender because he met that provision's other criteria of having "been finally convicted of two felony offenses,

14

and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final." *See id.* Thus an aggravated state-jail felony may be enhanced to habitual-offender status under section 12.42 by two sequential prior felony convictions.[*]

Terrell relies on the title of section 12.42—"Penalties for Repeat and Habitual Felony Offenders on Trial for First, Second, or Third Degree Felony"—to support his contention that the statute has no application to state-jail felonies, which may have their sentences enhanced to the same level as first, second, or third degree felonies, but do not thereby become first, second, or third degree felonies. *See, e.g.*, *Samaripas v. State*, 454 S.W.3d 1, 7 (Tex. Crim. App. 2014); *Ford*, 334 S.W.3d at 234–35. While the title or caption of a statute may be an aid to statutory construction when the statutory text is ambiguous, we find no ambiguity here and thus no need to resort to canons of construction. *See, e.g.*, *Tapps v. State*, 294 S.W.3d 175, 179 (Tex. Crim. App. 2009). When a statute "is clear and unambiguous, the Legislature must

---

[*] This court interpreted a prior version of section 12.42(d) in *Smith v. State*, 960 S.W.2d 372, 375 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd). The *Smith* opinion analyzed the statute as amended in 1993. *See Smith*, 960 S.W.2d at 375 (interpreting statutory revisions as introduced by the Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3604). The court drew the conclusion that "an aggravated state jail felony may be enhanced by two prior convictions in the proper sequence to habitual offender status under subsection (d)." *Id.* at 374. As discussed above, the current version of section 12.42(d) has codified that interpretation by clarifying that the statute applies as it was interpreted in *Smith*.

be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). While statutory titles can be a useful indicator of meaning, "they are of use only when they shed light on some ambiguous word or phrase," and "they cannot undo or limit that which the text makes plain." *Brotherhood of R. R. Trainmen v. Baltimore & O. R. Co.*, 331 U.S. 519, 529, 67 S. Ct. 1387, 1392 (1947); *see also* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 222 (2012) ("a title or heading should never be allowed to override the plain words of a text").

Terrell was charged with the state-jail felony offense of possession of less than one gram of cocaine. *See* TEX. HEALTH & SAFETY CODE § 481.115(b). The State gave notice of intent to prove use of a deadly weapon during the commission of this offense and proved it at trial. If no other enhancements had been proven, Terrell would have been sentenced for an aggravated state-jail felony. *See* TEX. PENAL CODE § 12.35(c). However, the indictment included two enhancement allegations. The first enhancement alleged that Terrell was convicted in 1995 of aggravated assault with a deadly weapon. This was a second-degree felony. *See id*. § 22.02. The second enhancement alleged that after the 1995 aggravated-assault conviction became final, Terrell was convicted of possession of between one and four grams of cocaine. This was a third-degree felony. *See* TEX. HEALTH & SAFETY CODE § 481.115(c). With

16

proof of only one prior felony conviction, Terrell would have been sentenced under section 12.425(c). In this case, however, the State proved two prior sequential felony convictions; thus Terrell was subject to sentencing under section 12.42(d), for a period of confinement in prison of 25 years to life.

The court sentenced Terrell to 50 years in prison, a period within the statutory sentencing range. *See* TEX. PENAL CODE § 12.42(d). Accordingly, we overrule his issue complaining of an illegal sentence.

**Conclusion**

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Jennings, Massengale, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).